**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| SHERON RILEY, )<br><br>    **Plaintiff,** )<br><br>    **v.** )<br><br>MISER LOGISTICS, LLC, ***et al.,*** )<br><br>    **Defendants.** ) | **CIVIL ACTION NO. 5:26-CV-226 (MTT)** |

**ORDER**

This action arises out of a motor vehicle accident in Henry County, Georgia. ECF 1. The Plaintiff sued the Defendants in the Superior Court of Macon County, Georgia, and the Defendants timely removed the action to this Court. *Id.*

First, the Defendants' Notice of Removal asserts that the basis for this Court's subject matter jurisdiction is diversity jurisdiction, which exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. ECF 1 at 5 ¶ 18; 28 U.S.C. § 1332. In evaluating the citizenship of an unincorporated association for the purpose of determining whether the Court has diversity jurisdiction, the Court must consider the citizenship of the association's constituents.[1] Defendants Miser Logistics and Super Ego Logistics—both limited liability corporations—have not disclosed the identity and citizenship of its LLC members. Accordingly, the Court **ORDERS** the Defendants to file a statement that discloses the identity and citizenship of

---

[1] *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) ("[U]nincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332."); *Rolling Greens MHP v. Comcast SCH Holdings,* 374 F.3d 1020, 1022 (11th Cir. 2004) (holding limited liability company is a citizen of any state of which one of its members is a citizen for diversity jurisdiction purposes); *Carden v. Akoma Assocs.*, 494 U.S. 185, 195 (1990) (requiring a court to consider the citizenship of all partners of limited partnerships in order to determine whether diversity jurisdiction exists).

the members of Miser Logistics and Super Ego Logistics by **July 15, 2026**, and if any member is itself an unincorporated association, the identity and citizenship of such association's constituents. [2] L.R. 87.2. The Plaintiff need not file a response to such statement unless she contests the assertions of identity and citizenship contained therein.

Second, the venue provisions of 28 U.S.C. § 1391(b) provide in relevant part:

(b) Venue in general. A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

It does not appear that any Defendant resides in the Middle District of Georgia, and Henry County, where the alleged accident occurred, is in the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 90. In her complaint, the Plaintiff alleges that "[v]enue as to Defendant Hampton" is proper in Macon County under the Nonresident Motorist Act, O.C.G.A. § 40-12-3. ECF 1 at 15 ¶ 3. However, as noted, Henry County is in the Northern District of Georgia, and the Plaintiff does not allege her county of residence. *See* O.C.G.A. § 40-12-3 ("All actions brought under this chapter relating to the use of the highways of this state by nonresident motorists shall be brought in the county in which the accident or injury occurred or the cause of action originated, or in the county of the residence of the plaintiff, as the plaintiff in such action may elect, if the plaintiff in such action is a resident of the State of Georgia"). Accordingly, assuming for now that the Court has subject matter jurisdiction, the Court **ORDERS** the parties to

---

[2] "If a partner or member of an unincorporated association is itself an unincorporated association, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Orchid Quay v. Suncor Bristol Bay*, 178 F. Supp. 3d 1300, 1304 (S.D. Fla. 2016) (internal quotation marks and citation omitted).

-2-

-3-

show cause, by **July 15, 2026**, why this case should not be transferred to the Northern District of Georgia.

      **SO ORDERED** this 2nd day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
